IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA KAY SMITH, on behalf of herself and all others similarly situated, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | CASE NO. 1:09-cv-1007-MEF |
| ALLIED INTERSTATE, INC. and LVNV FUNDING, LLC., | ) ) ) | (WO) |
| DEFENDANTS. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This case alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FCDPA"). The matter is presently before the Court on the Motion to Dismiss (Doc. # 7) filed on November 30, 2009. By this motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Allied Interstate, Inc. and LVNV Funding, LLC. contend that this case should be dismissed in its entirety because the Complaint fails to state a claim upon which relief can be granted. Plaintiff opposes this motion. The Court has carefully considered the arguments advanced in support of and in opposition to the motion and finds that the motion is due to be DENIED.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). A

complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S. Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted).

Plaintiff alleges that Defendants' routine practice of sending letters like the one sent to Plaintiff, a copy of which is attached to the Complaint as an exhibit, violated the FDCPA in that it threatens to disclose private information to affiliated and non-affiliated parties as well as other third parties. In this Court's view, the Plaintiff has alleged factual content from which a reasonable inference of Defendants' liability for the alleged misconduct and statutory violations could be drawn. For this reason, it is hereby ORDERED that the Motion to Dismiss (Doc # 7) is DENIED.

DONE this the 23rd day of December, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE
